Filed 1/30/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CERVANTES,<br><br>    Defendant and Appellant. | 2d Crim. No. B298077<br>(Super. Ct. No. 1260902)<br>(Santa Barbara County) |

Penal Code[1] section 1170.95, subdivision (a) provides, in relevant part, "A person convicted of *felony murder* or *murder* under a natural and probable consequences theory *may file a petition* with the court that sentenced the petitioner to have petitioner's *murder conviction* vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] . . . The petitioner was convicted of first degree or second degree *murder . . . .*" (Italics added.)

Daniel Cervantes was convicted of voluntary manslaughter. (§ 192, subd. (a).) He appeals an order denying his petition for resentencing under section 1170.95. We conclude that section

---

[1] All statutory references are to the Penal Code.

1170.95 applies only to murder convictions; his exclusion from section 1170.95 does not violate his right to equal protection.  We affirm.

FACTS

In 2012, Cervantes had been charged with murder.  He entered a no contest plea to voluntary manslaughter.  He was sentenced to an aggregate term of 13 years in state prison.

In 2019, following the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.), Cervantes filed a section 1170.95 petition for resentencing.  The trial court denied the petition, ruling that he was not eligible for relief under section 1170.95.

DISCUSSION

*Section 1170.95 and Voluntary Manslaughter Convictions*

Cervantes contends that section 1170.95 is not limited to murder convictions; that it authorizes resentencing for his voluntary manslaughter conviction.

In interpreting a statute, we first look at the words the Legislature used.  " ' "[I]f the statutory language is not ambiguous, then . . . the plain meaning of the language governs." ' " (*People v. Colbert* (2019) 6 Cal.5th 596, 603.)

Here the language of the statute unequivocally applies to murder convictions.  There is no reference to the crime of voluntary manslaughter.  To be eligible to file a petition under section 1170.95, a defendant must have a first or second degree murder conviction.  The plain language of the statute is explicit; its scope is limited to murder convictions.  (*People v. Colbert*, *supra*, 6 Cal.5th at p. 603.)

Of course, " 'language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' " (*People v. Pieters* (1991)

2

52 Cal.3d 894, 898.) But that is not the case here. The plain reading of the statute is consistent with the legislative goal of Senate Bill No. 1437. That bill was enacted to correct the unfairness of the felony murder rule so that murder convictions could be vacated by filing section 1170.95 petitions. (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147; *People v. Martinez* (2019) 31 Cal.App.5th 719, 722-723; Sen. Bill No. 1437, § 1(f), Stats. 2018, ch. 1015, § 4, pp. 6679-6681.) The felony murder rule, however, is not applicable to the crime of voluntary manslaughter.

*Equal Protection/Substantive Due Process*

Cervantes contends the failure to include voluntary manslaughter convictions in section 1170.95 violates his constitutional rights to equal protection and substantive due process. We disagree.

The first step in an equal protection analysis is to determine whether the defendant is similarly situated with those who are entitled to the statutory benefit. (*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565.) Cervantes was convicted of voluntary manslaughter, a different crime from murder, which carries a different punishment. Normally "offenders who commit different crimes are not similarly situated" for equal protection purposes. (*People v. Morales* (2019) 33 Cal.App.5th 800, 808.) "[O]nly those persons who are similarly situated are protected from invidiously disparate treatment." (*Barrera*, at p. 1565.)

Cervantes contends Senate Bill No. 1437's underlying goal was to eliminate harsh sentences and to reform the law to make punishment related to actual culpability. He claims it is an irrational discrimination to provide section 1170.95 relief for

3

murderers, but to deny it to those who commit the less serious offense of manslaughter.

When the Legislature reforms one area of the law, it is not required to reform other areas of the law. (*Kasler v. Lockyer* (2000) 23 Cal.4th 472, 488.) It may elect to make reforms " ' "one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." ' " (*Ibid.*) Here the legislative focus was centered on the unfairness of the felony murder rule. The Legislature could rationally decide to change the law in this area and not be currently concerned with crimes not involved with that rule. (*Ibid.*) It also could reasonably decide that the punishment for voluntary manslaughter was appropriate, but the punishment for murder based on the felony murder rule could be excessive and reform was needed only there. (*Williams v. Illinois* (1970) 399 U.S. 235, 241 ["A State has wide latitude in fixing the punishment for state crimes"].) Legislators in making this choice could also consider a variety of other factors including the number of prisoners subject to the change and its impact on the "administration of justice." (*Mills v. Municipal Court* (1973) 10 Cal.3d 288, 310.)

The decision not to include manslaughter in section 1170.95 falls within the Legislature's "line-drawing" authority as a rational choice that is not constitutionally prohibited. (*People v. Chatman* (2018) 4 Cal.5th 277, 283.) "[T]he Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses." (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 887.) A classification is not arbitrary or irrational simply because it is "underinclusive." (*Ibid.*) "A criminal defendant has no vested interest ' "in a specific term of imprisonment or in the designation [of] a

4

particular crime [he or she] receives." ' " (*People v. Turnage* (2012) 55 Cal.4th 62, 74.)  "Courts routinely decline to intrude upon the 'broad discretion' such policy judgments entail."  (*Ibid*.)

We also reject Cervantes's claim that he was denied substantive due process.  "[S]ubstantive due process requires a rational relationship between the objectives of a legislative enactment and the methods chosen to achieve those objectives." (*California Rifle & Pistol Assn. v. City of West Hollywood* (1988) 66 Cal.App.4th 1302, 1330.)  Here there was such a relationship. The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule.  That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions.[2]

DISPOSITION

The order denying the section 1170.95 petition is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

---

[2] We do not reach the issue whether section 1170.95 violates the separation of powers doctrine.

5

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Amanda V. Lopez and Michael R. Johnsen, Deputy Attorneys General, for Plaintiff and Respondent.